NO. 07-05-0270-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



AUGUST 12, 2005



______________________________



ROY BRENT CAMPBELL, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;



NO. 16,584-B; HONORABLE JOHN BOARD, JUDGE


_______________________________




Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant, Roy Brent Campbell, appeals from his conviction for Debit Card Abuse. 
Sentence was imposed on April 6, 2005. The clerk's record was filed on August 11, 2005.
We will dismiss the appeal for want of jurisdiction.

 Our appellate jurisdiction over a criminal appeal is triggered through a timely notice
of appeal. Olivo v. State, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996). In the absence of
a notice of appeal timely filed in compliance with the requirements of Rule of Appellate
Procedure 26, a court of appeals does not obtain jurisdiction to address the merits of the
appeal in a criminal case, and can take no action other than to dismiss the appeal. Slaton
v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998). As applicable here, Rule of Appellate
Procedure 26.2(a) requires a notice of appeal in a criminal case be filed within 30 days after
the day sentence is imposed or suspended in open court, or within 90 days after imposition
of the sentence if a timely motion for new trial is filed. Rule 26.3 allows for an extension
of time if the appellant files a notice of appeal with the trial court within 15 days after the
deadline for filing the notice of appeal and files a motion for extension with the appellate
court. 

 Here, the record reflects that the court imposed sentence on appellant on April 6,
2005. A motion for new trial was timely filed on April 29, 2005, making appellant's notice
of appeal due July 5. The notice of appeal was filed August 4, more than 15 days after its
due date. A motion for extension of time was filed with this court on July 26, 2005, also
more than 15 days after the due date for the notice of appeal. Tex. R. App. P. 26.3.
Appellant's failure to file a timely notice of appeal or to meet the requirements for an
extension under Rule 26.3 prevents this court from having jurisdiction over his appeal. 
Slaton, 981 S.W.2d at 210. 

 Consequently, the appeal is dismissed for want of jurisdiction. 


 James T. Campbell

 Justice


Do not publish. 



386 U.S. 738, 744-45 (1967). Counsel has also filed a motion to
withdraw in the case and, by letter, informed appellant of her right to file a pro se brief. 
Johnson v. State, 885 S.W.2d 641, 646 (Tex.App.-Waco 1994, pet. ref'd). By letter dated
July 10, 2006, this court also notified appellant of her opportunity to submit a response to
the Anders brief and motion to withdraw filed by her counsel, granting her until August 9,
2006 to do so. This court's letter also reminded appellant to contact her counsel if she
needed to review any part of the appellate record to prepare a response. Appellant has
not filed a brief or other response. 

 We have independently examined the entire record in the case to determine
whether there are any non-frivolous grounds which might support the appeal. (1) See Penson
v. Ohio, 488 U.S. 75 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). 
We have found no such grounds. After reviewing the record before us and counsel's brief,
we agree with counsel that the appeal is frivolous. See Bledsoe v. State, 178 S.W.3d 824
(Tex.Crim.App. 2005).

 Accordingly, counsel's motion to withdraw is granted and the judgment is affirmed.



 James T. Campbell

 Justice




Do not publish.
1. Our review is limited, though, to any issues related to revocation of appellant's
community supervision. Manuel v. State, 994 S.W.2d 658, 661-62 (Tex.Crim.App. 1999).